IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JERRY R. HANNAH, §
TDCJ #1565362, §
 §
      Petitioner, §
 §
v. §
 § CIVIL ACTION NO. H-18-3406
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice - Correctional §
Institutions Division, §
 §
      Respondent. §

**MEMORANDUM OPINION AND ORDER**

Jerry R. Hannah (TDCJ #1565362) has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) to challenge a conviction entered against him in 1979. After considering the pleadings and the applicable law pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, this case will be dismissed for the reasons explained below.

I. **Background**

On March 9, 1979, Hanna was convicted of aggravated rape in Harris County Cause No. 287729.[1] Hannah received a 16-year prison sentence in that case, which was affirmed on direct appeal in 1981.

---

[1]Petition, Docket Entry No. 1, p. 2.

See Hannah v. State, 624 S.W.2d 750 (Tex. App. — Houston [14th Dist.] 1981, pet. ref'd).

Court records reflect that after Hannah was released on parole he was convicted of burglary of a habitation in 1988, followed by convictions for indecency with a child and aggravated sexual assault in 1999.[2] Hannah is currently serving a 30-year prison sentence for failure to comply with civil commitment requirements,[3] which was imposed following a determination by a jury in Montgomery County that he met the definition of a "sexually violent predator" for purposes of § 841.081 of the Texas Health and Safety Code. See Hannah v. State, No. 14-09-00283-CR (Tex. App. — Houston [14th Dist.] May 6, 2010, pet. ref'd).

In a Petition that was reportedly placed in the mail for delivery to the court on or about September 14, 2018,[4] Hannah now contends that he is entitled to federal habeas corpus relief under 28 U.S.C. § 2254 because he has "newly discovered evidence" of his actual innocence.[5] In support of that claim, Hannah provides an

---

[2]See Memorandum, Recommendation, and Order, Docket Entry No. 16, p. 1 in Hannah v. State of Texas, Civil Action No. H-08-1372 (S.D. Tex.) (summarizing Hannah's criminal record).

[3]See Texas Department of Criminal Justice, Offender Information website, available at: https://offender.tdcj.texas.gov (last visited Oct. 2, 2018).

[4]The Petition is not signed or dated. The date is taken from the petitioner's cover letter, which is signed and dated September 14, 2018. See Docket Entry No. 1-1, p. 1.

[5]Petition, Docket Entry No. 1, p. 6.

-2-

affidavit from a "Senior Exhibits Clerk" employed by the Harris County District Clerk's Office, which is dated October 16, 2013.[6] The affiant states that the Harris County District Clerk's Office "never received and is not in possession of any evidence" related to Hannah's 1979 prosecution.[7] Hannah also provides similar statements from records custodians from the Harris County Sheriff's Office and the Harris County Institute of Forensic Sciences (formerly known as the Harris County Medical Examiner's Office) indicating that they are not in possession of any evidence related to Hannah's case apart from some photographs and latent fingerprints.[8] Pointing to these affidavits, Hannah reasons that there was "no evidence" to support the jury's 1979 verdict that he was guilty of aggravated rape.[9]

## II. Discussion

The writ of habeas corpus provides a remedy only for prisoners who challenge the "fact or duration" of their confinement and seek "immediate release or a speedier release from that imprisonment."

---

[6]Affidavit of Barbara Anderson, Exhibit A to Petition, Docket Entry No. 1-2, p. 3.

[7]Id.

[8]Evidence Records Affidavit of Q. Thigpen, Exhibit B to Petition, Docket Entry No. 1-2, pp. 5-6; Evidence Records Affidavit of John P. Garner, Exhibit C to Petition, Docket Entry No. 1-2, pp. 8-9; and Evidence Records Affidavit of Cynthia P. Young, Exhibit D to Petition, Docket Entry No. 1-2, pp. 11-12.

[9]Petition, Docket Entry No. 1, p. 6.

Preiser v. Rodriguez, 93 S. Ct. 1827, 1841 (1973). A district court is authorized to entertain a habeas corpus petition on behalf of a person incarcerated pursuant to a state court judgment if the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). A person whose sentence has expired is no longer "in custody" for purposes of obtaining review under the federal habeas corpus statutes. See Maleng v. Cook, 109 S. Ct. 1923 (1989); Pleasant v. State of Texas, 134 F.3d 1256, 1258 (5th Cir. 1998).

Because the 16-year sentence that Hannah received on March 9, 1979, expired long ago, he does not meet the custody requirement and he cannot challenge his conviction in Cause No. 287729 under the federal habeas corpus statutes. See Lackawanna County Dist. Attorney v. Coss, 121 S. Ct. 1567, 1573 (2001) (observing that a petitioner "cannot bring a federal habeas petition" to challenge a conviction for which the sentence has expired).

There is an exception for prior convictions used to enhance a current sentence, provided that the challenged prior conviction remains open to direct or collateral attack.[10] See Daniels v. United States, 121 U.S. 1578, 1583-84 (2001) (holding that a

---

[10]The only other exception extends to cases in which a prior conviction was obtained without appointment of counsel in violation of Gideon v. Wainwright, 83 S. Ct. 792 (1963). See Daniels, 121 S. Ct. at 1583; Coss, 121 S. Ct. at 1574. That exception does not apply because Hannah acknowledges in his Petition that he was represented by an attorney during his 1979 trial. See Petition, Docket Entry No. 1, p. 8 (identifying Robert Scardino as his trial attorney).

defendant may not use a motion under 28 U.S.C. § 2255 to challenge a prior conviction used to enhance a federal sentence under the Armed Career Criminal Act where the challenged conviction is "no longer open to direct or collateral attack in its own right"); Coss, 121 S. Ct. at 1573-74 (extending the rule in Daniels to petitions governed by § 2254). If a prior conviction used for purposes of enhancement is "no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." Coss, 121 S. Ct. at 1574.

Assuming that Hannah's 1979 aggravated rape conviction was used to enhance the punishment that he received in his most recent conviction for failure to comply with civil commitment requirements, the challenged conviction is no longer open to collateral attack because federal habeas review is barred by the governing one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, codified at 28 U.S.C. § 2244(d). Petitioners seeking to challenge a conviction that became final before the AEDPA went into effect on April 24, 1996, had until the following year, April 24, 1997, to file a petition for federal habeas relief. See Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999); see also United States v. Flores,

135 F.3d 1000, 1004 (5th Cir. 1998). Hannah's Petition is late by more than twenty years.[11]

Hannah argues that the statute of limitations does not bar his challenge because, pointing to the above-referenced affidavits, he claims he has newly discovered evidence of his actual innocence.[12] Actual innocence, if proven, may excuse a failure to comply with the one-year statute of limitations on federal habeas corpus review. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). To be credible a petitioner must support a claim of actual innocence with "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." Schlup v. Delo, 115 S. Ct. 851, 865 (1995). To prevail on such a claim a petitioner must show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 867. The affidavits that Hannah presents do not meet this showing; and his contention that there was no evidence to support his conviction is belied by the opinion by the state court of appeals, which affirmed the jury's decision to find him guilty of aggravated rape based on testimony from the victim, who

---

[11]The pleadings reflect that Hannah made no effort to challenge this conviction in state court until 2013. See Petition, Docket Entry No. 1, pp. 3-4. Under these circumstances, he is not eligible for either statutory or equitable tolling.

[12]Petition, Docket Entry No. 1, p. 9.

-6-

identified him in open court as her assailant. See Hannah v. State, 624 S.W.2d 750, 754 (Tex. App. — Houston [14th Dist.] 1981, pet. ref'd). As a result, Hannah's challenge to his 1979 conviction is barred by limitations.

Because Hannah does not meet the custody requirement, he cannot pursue federal habeas relief under 28 U.S.C. § 2254; and his Petition must be dismissed for lack of subject matter jurisdiction. Alternatively, the Petition is subject to dismissal as barred by the governing statute of limitations.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the

district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

## IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) filed by Jerry R. Hannah is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

2. The petitioner's Application to Proceed In Forma Pauperis (Docket Entry No. 3) is **DENIED** as moot.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this 5th day of October, 2018.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE